**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SURF MOORE, | : | |
| | : | Civil Action No. 09-4595 (GEB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| STATE OF NEW JERSEY, | : | |
| | : | |
| Defendant. | : | |

RECEIVED MAR -5 2010 AT 8:30 WILLIAM T. WALSH CLERK

**APPEARANCES:**

Surf Moore, Pro Se
3740 Westchester Drive
Jackson, MS 39213

**BROWN, JR., Chief Judge**

Plaintiff, Surf Moore, currently residing in Jackson, Mississippi, brings this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court concludes that the complaint will be dismissed as frivolous.

## BACKGROUND

Plaintiff's complaint is vague and confusing. It appears that Plaintiff was detained by the State of New Jersey for failure to pay a fine. His claims are listed as follows: "Particular would like to redress NJ statute for fines"; "NJ statute enforcement action of any time is vague and uncertain on acquittal"; "NJ statute enforcement actions at any time for fines, is in conflict with fed statute"; and "matter which show[s] proof for 6 million use of wire to show extortion at trial."

Plaintiff goes on to copy verbatim into his pleading 28 U.S.C. § 2462, the Fifth Amendment, and the Fourteenth Amendment. He contends that "the state corruptly makes an unlawful demand which is paid by one who does not realize it is not the fine authorized for this claim rendered it extortion of fines . . . ."

Thus, it appears to this Court that Plaintiff is challenging a fine imposed under New Jersey law.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

---

[1] Also, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

3

elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court found that to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See id</u>. at 1948. The Supreme Court's ruling in <u>Iqbal</u> emphasized that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See id.</u> at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

In this case, Plaintiff has not alleged anything that comports with Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Nor has he alleged a short and plain statement showing he is entitled to relief. Plaintiff's complaint must be dismissed. In the event that any allegations are hidden in Plaintiff's complaint, they must be dismissed under <u>Iqbal</u>, as Plaintiff has not alleged "sufficient factual matter" to show that any potential claims are facially plausible.

## CONCLUSION

Based on the foregoing, the Court grants Plaintiff's request to proceed <u>in forma pauperis</u> and dismisses the complaint as

4

frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  An appropriate Order accompanies this Opinion.

```
                              _____
                              GARRETT E. BROWN, JR., Chief Judge
                              United States District Court
```

Dated: March 4, 2010